

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 23, 1975

The Honorable Joseph D. Hawkins
Commissioner of Insurance
State Board of Insurance
1110 San Jacinto
Austin, Texas   78786

Opinion No. H-755

Re:  Whether State agencies
may contract with mutual
insurance companies for non-
assessable insurance policies.

The Honorable Raymond W. Vowell
Commissioner
State Department of Public Welfare
John H. Reagan Building
Austin, Texas   78701

Dear Sirs:

You have requested our opinion concerning whether a mutual insurance company may be awarded contracts for various non-assessable insurance policies.  One such contract would be entered by the Department of Public Welfare for Medicaid services while the other would be for group life, health and accident insurance under the Texas Employees Uniform Group Insurance Benefits Act.  Ins. Code art. 3.50-2, Acts 1975, 64th Leg., ch. 79, p. 208.  The latter would be entered by the Employees Retirement System.  Your questions are whether such contracts may be entered without violating article 3, sections 50-52 of the Texas Constitution.

In Attorney General Opinion H-365 (1974), we ruled that Texas Tech University could contract with mutual insurance companies for group life insurance so long as the policy involved was non-assessable.  We determined that article 3, section 52 and its provision that a political subdivision could not become a stockholder in a corporation, association or company were inapplicable, for the University was an "arm of the state" rather than a political subdivision.  Thus the University was controlled by article 3, sections 50 and 51, which prohibit the "grant of public money" and the "lending of credit."  We determined that the contract involved would not violate these provisions, since it was for a public purpose.

We can perceive no meaningful distinction between your questions and that involved in H-365. The Department of Public Welfare and the Employees Retirement System are not "political subdivisions." Bolen v. Board of Firemen, Policemen and Fire Alarm Operators' Trustees, 308 S.W.2d 904 (Tex. Civ. App. -- San Antonio 1957, writ ref'd). Article 3, section 52 is thus inapplicable. In addition, under our ruling in H-365 there would be no violation of article 3, sections 50 and 51, for the contracts would be for a public purpose. Accordingly, in our opinion the respective state agencies may enter into non-assessable contracts with mutual insurance companies without violating article 3, sections 50, 51 or 52 of the Texas Constitution.

### S U M M A R Y

State agencies may enter into contracts for non-assessable insurance policies with mutual insurance companies without violating article 3, sections 50, 51 or 52.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb